UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH STEWART (#98926)

VERSUS                                                    CIVIL ACTION

DR. SENG, ET AL                                           NUMBER 09-17-JJB-SCR

## NOTICE

　　Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
　　In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

　　ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

　　Baton Rouge, Louisiana, April 9, 2009.

                              *[signature: Stephen C. Riedlinger]*
                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH STEWART (#98926)

VERSUS                                                      CIVIL ACTION

DR. SENG, ET AL                                    NUMBER 09-17-JJB-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Dismiss by defendant Dr. Preety Singh. Record document number 11. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dr. Preety Singh[2], Sgt. Charles Gaylord and unidentified emergency medical technicians. Plaintiff alleged that his constitutional rights were violated when Sgt. Gaylord failed protect him from attack by a fellow inmate and he was denied adequate medical treatment for injuries sustained during the attack.

Dr. Singh[3] moved under Rule 12(b)(6), Fed.R.Civ.P., to dismiss the complaint for failure to state a claim upon which relief can be granted.

---

[1] Record document number 13.

[2] Defendant was identified as Dr. Seng in the complaint.

[3] The other defendants were not served with a summons and the complaint and did not participate in defendant Dr. Singh's motion to dismiss.

**A.   Failure to State a Claim**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Under Rule 8(a)(2), Fed.R.Civ.P., a complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, —, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the ground upon which it rests." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).[4]  Complaints need not anticipate, and attempt to plead around, potential affirmative defenses.  *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920,

---

[4] *Twombly* held that in some cases a plaintiff must plead particular facts in his complaint.  127 S.Ct. at 1965.  In *Erickson*, decided two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against prison officials is not required to state specific facts in his complaint; *Erickson*, 127 S.Ct. at 2200, and *Twombly* itself, 127 S.Ct. at 1973 n.6., suggests that the holding in *Twombly* may be limited to cases likely to produce "sprawling, costly, and hugely time-consuming" litigation. This case involves a § 1983 claim with a narrow range of factual disputes, not a complex suit likely to produce sprawling discovery. Accordingly, this case is governed by the Supreme Court's decision in *Erickson.*

1924, 64 L.Ed.2d 572 (1980).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S.Ct. at 2200; *see also Twombly*, 127 S.Ct. at 1965. "A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S.Ct. at 2200 (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (quotation marks, citations, and footnote omitted).

**B.   Sovereign Immunity**

Defendant moved, on the basis of Eleventh Amendment immunity, to dismiss the plaintiff's claims against her insofar as the plaintiff sued her in her official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al*, 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state.

*Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a § 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device." An officer sued in his personal capacity comes to court as an individual. However, a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14.

Thus, the plaintiff may recover money damages against the defendant insofar as the defendant was sued in her individual

4

capacity for actions taken by her under color of state law which caused the deprivation of constitutional rights. Plaintiff clarified in his opposition memorandum that he is suing Dr. Singh in her individual capacity for monetary damages. Plaintiff also sought prospective injunctive relief against Dr. Singh: "I want every person involved to be relieved of their duties in the D.O.C."[5] Plaintiff did not assert any claim against the defendant in her official capacity.

### C. Qualified Immunity

Defendant argued that she is entitled to qualified immunity because her conduct did not violate any of the plaintiff's clearly established constitutional or statutory rights of which a reasonable person would have known.

A state official sued under § 1983 in his individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978). This immunity is defeated if the official violated clearly established statutory or constitutional rights, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established

---

[5] Record document number 1, complaint, section V.

right at all.  *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991).  If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought his actions were consistent with the rights he is alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987).

The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law.  *Id.*, at 639, 107 S.Ct. at 3038.  The court does not ascertain solely whether the law was settled at the time of the defendant's conduct, but rather, when measured by an objective standard, a reasonable officer would have known that his conduct was illegal.  Even if a defendant's conduct actually violates a plaintiff's constitutional right, the defendant is entitled to qualified immunity if the conduct was objectively reasonable.  *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a

substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment he felt he should have is not the issue. *Estelle v. Gamble*, *supra*; *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981). Unsuccessful medical treatment does not give rise to a Section 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991), *Johnson v. Treen, supra*. Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation. *Varnado, supra*.

Plaintiff alleged that on August 16, 2007, while he was asleep, he was attacked by another inmate. Plaintiff alleged that he sustained two lacerations to his head and an open fracture to his right arm. Plaintiff specifically alleged: "You could clearly

see the Bone was sticking out my right arm."[6]  Plaintiff alleged that Dr. Singh sutured his lacerations, placed his arm in a half cast and sling, and sent him back to his housing unit.  Plaintiff alleged that five days later, while being examined by an orthopedist for a shoulder injury, the orthopedist examined his arm and then "had me rushed to Earl K. Long Hospital" for surgery on the open fracture[7]  Plaintiff essentially alleged that Dr. Singh was deliberately indifferent to his serious medical needs when she failed to have him transported to a hospital for emergency treatment of an open fracture to his right arm.

Defendant also argued that the plaintiff failed to allege that he sustained an injury as a result of the delay in transporting him to a hospital.

A reasonable jury could find that leaving the plaintiff's open fracture essentially untreated for five days constitutes an injury. Applying the notice pleading standard dictated by *Erickson* and *Twombly*, and giving the plaintiff the benefit of the inferences to which he is entitled at the pleadings stage, his factual allegations regarding Dr. Singh are sufficient to state a claim upon which relief can be granted.

---

[6] *Id.*, section IV.

[7] *Id.*

RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion to Dismiss by defendant Dr. Preety Singh be denied.

Baton Rouge, Louisiana, April 9, 2009.

*signature*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

9