UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH STEWART (#98926)

VERSUS                                            CIVIL ACTION

MRS. SENG, ET AL                                  NUMBER 09-17-JJB-SCR

**<u>NOTICE</u>**

  Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
  In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

  ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

  Baton Rouge, Louisiana, September 11, 2009.

              /s/ Stephen C. Riedlinger
              STEPHEN C. RIEDLINGER
              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH STEWART (#98926)

VERSUS                                              CIVIL ACTION

MRS. SENG, ET AL                                    NUMBER 09-17-JJB-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court are the plaintiff's Motion for Summary Judgment -(D), the Motion for Summary Judgment filed by defendant Dr. Pretty Singh, and the plaintiff's second Motion for Summary Judgment.  Record document numbers 18, 22 and 35, respectively. Plaintiff opposed the defendant's motion for summary judgment[1] and filed reply memoranda.[2]  Defendant also filed reply memoranda.[3]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dr. Preety Singh[4], Sgt. Charles Gaylord and unidentified emergency medical technicians.[5]  Plaintiff alleged

---

[1] Record document numbers 24, 28 and 36.

[2] Record document numbers 40 and 41.

[3] Record document numbers 27 and 39.

[4] Defendant was referred to as Mrs. Seng or Dr. Seng in the complaint.

[5] Sgt. Charles Gaylord and the unidentified emergency medical technicians were not served with the summons and complaint and did not participate in the defendant's motion for summary judgment.

that his constitutional rights were violated when Sgt. Gaylord failed protect him from attack by a fellow inmate and he was denied adequate medical treatment by Dr. Singh for injuries sustained during the attack.

Plaintiff moved for summary judgment relying on the pleadings and any evidence filed in the record.

Dr. Singh moved for summary judgment relying on a statement of undisputed facts, the results of Administrative Remedy Procedure (ARP) LSP-2007-3651 and copies of the plaintiff's medical records.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e).

Defendant moved for summary judgment on the ground that the plaintiff's claim is prescribed.  Specifically, the defendant argued that the plaintiff's claim accrued on August 16, 2007, the date he received medical treatment from her. Defendant argued that although the prescriptive period was tolled between November 5, 2007, and March 25, 2008, while the plaintiff's administrative grievance was pending, more than one year of the prescriptive period elapsed before the plaintiff filed his § 1983 complaint.

It is well settled that in § 1983 cases, federal courts look

to the most consonant statute of limitations of the forum state. *Owens v. Okure*, 488 U.S.235, 109 S.Ct. 573 (1989); *Kitrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636 (1976). For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year. Louisiana Civil Code Article 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989); *Washington v. Breaux*, 782 F.2d 553 (5th Cir. 1986); *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977). Under federal law, a cause of action under § 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980); *Longoria v. City of Bay City, Texas*, 779 F.2d 1136 (5th Cir. 1986). The limitations period begins to run when the plaintiff either is or should be aware of both the injury and its connection with the alleged acts of the defendants. *Id*.

The summary judgment evidence showed that on August 16, 2007, the plaintiff was treated by the defendant for injuries he sustained during an incident with another inmate.[6] Plaintiff alleged in his complaint that "[y]ou could clearly see the bone sticking out of my right arm." However, this allegation is not supported by the plaintiff's medical records. The provisional

---

[6] Plaintiff's medical records, record document number 44-5, p. 36.

3

diagnosis that date was "fracture ® Radial displaced [illegible]."[7] Plaintiff was referred to an orthopedist for a consultation. On August 20, 2007, the plaintiff was examined at the Physician's Clinic.[8] A notation in the plaintiff's medical record that date states "(likely open) ® Radius fracture."[9] Plaintiff was transferred to Earl K. Long Hospital for treatment.[10]

Notwithstanding the plaintiff's allegation of an "open" fracture, a reasonable inference from the summary judgment evidence is that the plaintiff did not discover that he sustained a "likely open" fracture until August 20, 2007.[11] There is at least a disputed issue of material fact regarding when the plaintiff should have been aware of the seriousness of the injury to his arm. Therefore, for the purpose of these motions, the limitations period began to run on that date.

From August 20, 2007, the date the limitations period began to run, until November 5, 2007, the date the plaintiff filed a request

---

[7] *Id.* at 34.

[8] *Id.* at 30.

[9] *Id.* The summary judgment does not explain what the term "open" fracture means, nor how difficult it would be for an untrained person to detect such a fracture.

[10] *Id.*

[11] The court will assume that the plaintiff was informed of the nature of his injury by the physician who examined him on August 20, although this is not apparent from the Physician's Clinic record.

for administrative remedies[12], 76 days of the limitations period elapsed. The limitations period was tolled between November 5, 2007, and March 25, 2008, the date the plaintiff received the second step response to LSP-2007-3651.[13] Although the plaintiff signed his complaint on December 29, 2008, the summary judgment evidence showed that he did not submit the complaint to prison officials for mailing until January 8, 2009.[14] Between March 25, 2008, the date the plaintiff received the second step response to his administrative grievance and January 8, 2009, the date the plaintiff submitted his complaint to prison officials to mail, an additional 288 days of the limitations period elapsed. A total of 364 days of the limitations period elapsed. Plaintiff's complaint is timely. Defendant's prescription argument is not supported by the summary judgment evidence.

Plaintiff alleged that Dr. Singh was deliberately indifferent to his serious medical needs when she failed to have him transported to a hospital for emergency treatment of an "open fracture" to his right arm.

---

[12] Defendant relied on the First Step Response which indicated that the administrative grievance was dated November 5, 2007. Record document number 22-4, p. 7. The date is not in dispute. Record document number 28, plaintiff's reply memorandum.

[13] The pendency of a properly filed ARP proceeding will act to toll the running of the one-year limitations period for prisoners' claims. *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

[14] Record document number 22-5, p. 2.

Defendant denied that the plaintiff had an open fracture.[15] According to the defendant, the plaintiff had a radial midshaft fracture and no open fracture was seen.[16]

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment he felt he should have is not the issue. *Estelle v. Gamble*, *supra*; *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981). Unsuccessful medical treatment does not give rise

---

[15] Record document number 44-2, p. 2., Response to Interrogatory No. 4. Defendant's interrogatory responses do not comply with Rule 33(b)(1)(a), (b)(3) and )b)(5), Fed.R.Civ.P. Defendant has not shown that they may properly be considered when ruling on a summary judgment motion.

[16] *Id*., Response to Interrogatory No. 3.

to a Section 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991), *Johnson v. Treen, supra*. Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation. *Varnado, supra*.

There are material factual issues in dispute which render summary judgment inappropriate. Specifically, there is a genuine dispute as to the specific injury to the plaintiff's arm and whether the injury would have been apparent to the defendant, such that the treatment she provided amounted to deliberated indifference to the plaintiff's need for medical care.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the parties motions for summary judgment be denied. It is further recommended that the claims against Sgt. Charles Gaylord and the unidentified emergency medical technicians be dismissed for failure to prosecute pursuant to Rule 4(m), Fed.R.Civ.P.

Baton Rouge, Louisiana, September 11, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

7