UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH STEWART (#98926)

VERSUS                                      CIVIL ACTION

MRS. SENG, ET AL                            NUMBER 09-17-JJB-SCR

### NOTICE

   Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
   In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

   ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

   Baton Rouge, Louisiana, January 21, 2010.

                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH STEWART (#98926)

VERSUS                                            CIVIL ACTION

MRS. SENG, ET AL                                  NUMBER 09-17-JJB-SCR

MAGISTRATE JUDGE'S REPORT

Before the court are the Motions for Summary Judgment filed by defendant Dr. Preety Singh, record document numbers 71, and the Motion for Summary Judgment filed by plaintiff Keith Stewart, record document number 72. Both motions are opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dr. Preety Singh.[2] Plaintiff alleged that he was denied adequate medical treatment by Dr. Singh for injuries sustained during an attack by a fellow inmate.

Plaintiff moved for summary judgment relying on a statement of undisputed facts, the affidavits of Dr. Singh, Dr. Jonathan Roundtree and Dr. Marco Antonio Rodriguez which were submitted in support of the defendant's motion for summary judgment, the results

---

[1] Record document numbers 73 and 74.

[2] Plaintiff also named as defendants Sgt. Charles Gaylord and unidentified emergency medical technicians. The claims against these defendants were previously dismissed. Record document number 64.

of Administrative Remedy Procedure LSP-2007-3651 and a copy of the plaintiff's medical records dated August 20, 2007.

Dr. Singh moved for summary judgment relying on a statement of undisputed facts, her affidavit, the affidavits Dr. Jonathan Roundtree and Dr. Marco Antonio Rodriguez, and copies of the plaintiff's medical records.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e).

Plaintiff alleged that Dr. Singh was deliberately indifferent to his serious medical needs when she failed to have him transported to a hospital for emergency treatment of an "open fracture" to his right arm.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference.  *Johnson v.*

*Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).  A showing of deliberate indifference requires the inmate to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (citation omitted).  The "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference.  *Farmer*, 511 U.S. at 838, 114 S.Ct. 1970.

    The summary judgment evidence showed that on August 16, 2007, the plaintiff was treated by the defendant for injuries he sustained during an incident with another inmate.[3]  Although the plaintiff alleged in his complaint that "[y]ou could clearly see the bone sticking out of my right arm," this allegation is not supported by the plaintiff's medical records.  The provisional diagnosis that date was "fracture ® Radial displaced [illegible]."[4]  Plaintiff was referred to an orthopedist for a consultation.[5]  On August 20, 2007, the plaintiff was examined at the Physician's

---

    [3] Record document number 71-4, plaintiff's medical records, p. 36.

    [4] *Id.* at 34.

    [5] *Id.* at 36.

Clinic.[6]  A notation in the plaintiff's medical record that date states "(likely open) ® Radius fracture."[7]  Plaintiff was transferred to Earl K. Long Hospital for treatment.[8]

The summary judgment evidence showed that Dr. Singh treated the plaintiff for the injuries he sustained as a result of the inmate attack.[9]  Plaintiff presented with two lacerations on the right side of his head and right wrist pain.[10]  The superficial lacerations were stitched.[11]  Dr. Singh found no acute deformity or neuro-vascular compromise to the right arm at presentation and no findings consistent with an open fracture upon examination.[12]  Dr. Singh believed these findings were confirmed by an x-ray taken at the time.[13]  Dr. Singh stabilized the plaintiff's joint/arm, prescribed pain medication and issued the plaintiff a medical duty status.[14]  Plaintiff did not appear to require emergency medical intervention and was referred to an orthopedist for follow-up

---

[6] *Id*. at 30.

[7] *Id*.

[8] *Id*.

[9] Record document number 71-5, affidavit of Dr. Singh.

[10] *Id*.

[11] *Id*.

[12] *Id*.

[13] *Id*.

[14] *Id*.

4

treatment.[15]

The summary judgment evidence showed that on August 20, 2007, the plaintiff was examined at the orthopedic clinic by Dr. Rodriguez for a distal radial fracture.[16] In his affidavit, Dr. Rodriguez stated that it was difficult for him to determine whether the plaintiff had an open fracture or simply suffered trauma to his arm.[17] Dr. Rodriguez further stated that it was a close determination and it would have been very challenging for Dr. Singh, who is not an orthopedist, to make such a determination.[18]

Plaintiff failed to present evidence sufficient to create a genuine dispute as to whether Dr. Singh was aware of facts demonstrating a substantial risk of serious harm and disregarded the risk by failing to take reasonable measures to treat him. *See Farmer*, 511 U.S. at 847, 114 S.Ct. 1970. The summary judgment evidence showed that Dr. Singh examined the plaintiff, sutured his lacerations, ordered x-rays, immobilized his arm, prescribed pain medication, issued a medical duty status and referred him to an orthopedist for follow-up treatment. Plaintiff's dissatisfaction with the medical treatment he received does not rise to the level of a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 97

---

[15] *Id*.

[16] Record document number 71-7, affidavit of Dr. Rodriguez.

[17] *Id*.

[18] *Id*.

5

S.Ct. 285 (1976); *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981). Dr. Singh is entitled to summary judgment as a matter of law.

RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's motion for summary judgment be denied, the defendant's motion for summary judgment be granted, and this action be dismissed.

Baton Rouge, Louisiana, January 21, 2010.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE